IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DWIGHT HENRY CAVANESS,           §
                                 §
          Plaintiff,             §
                                 §
v.                               §          No. 3:24-cv-00135-L (BT)
                                 §
DALLAS COUNTY, ET AL.            §
                                 §
          Defendants.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* Plaintiff Dwight Henry Cavaness's motion to proceed *in forma pauperis* in this civil action in which he complains that a state court entered an unlawful judgment of possession against him and other occupants of property in Grand Prairie, Texas. ECF Nos. 3, 4, 5, 6. For the reasons below, the motion to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice unless Cavaness pays the $405 filing fee within 21 days of an order accepting this recommendation or some other deadline established by the Court.

**Legal Standards and Analysis**

A federal district court may authorize a person to bring a civil action *in forma pauperis*—that is, without the prepayment of fees—when the person submits an affidavit establishing that they are unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access

to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Cavaness—who appears to be single—reports a monthly income of $2,700, with $2,488.02 in monthly expenses.[1] ECF No. 4 at 1-4. He has $1,400 in a checking account and $300 in a savings account. ECF No. 4 at 2. Between the monthly surplus in earnings over expenses and the combined $1,700 in checking and savings accounts, Cavaness has not shown that paying the filing fee would cause undue financial hardship, so his motion to proceed *in forma pauperis* should be denied. *See*, *e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (denying application to proceed *in forma pauperis* where appellant had "nearly $1,000 in the bank" and her payments exceeded her income); *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (denying request to proceed *in forma pauperis* where the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars"); *Artis v. Quality Brand Grp.*, 2021 WL 5969302, at *1 (N.D. Tex. Nov. 29, 2021), *rec. accepted* 2021 WL 5967557 (N.D. Tex. Dec. 15, 2021) (unemployed plaintiff with $1,800 in checking account

---

[1] It is unclear whether Cavaness claims $100 or $200 a month in clothing expenses. *See* ECF No. 4 at 4. This recommendation assumes $200.

failed to show that she would suffer undue financial hardship after paying $402.00 filing fee).

## Recommendation

Cavaness's motion to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice unless Cavaness pays the $405 filing fee within 21 days of an order accepting this recommendation or some other deadline established by the Court.

SO RECOMMENDED

Signed February 7, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).