IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWIGHT HENRY CAVANESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00135-L (BT) |
| | § | |
| DALLAS COUNTY, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Dwight Henry Cavaness filed this case in which he collaterally attacks concluded state court eviction proceedings. As explained below, Cavaness has not established federal subject matter jurisdiction, so the Court should *sua sponte* dismiss his case without prejudice.[1]

## Background

On January 3, 2024, a Dallas County justice of the peace court (JPC) entered a default judgment of eviction for Carranza Investments LLC (Carranza) against the occupants of certain real property in Grand Prairie, Texas. *See Carranza Investments LLC v. All Occupants et al.*, JPC-23-03984-42

---

[1] Pursuant to 28 U.S.C. § 636(b) and a standing order of reference (ECF No. 15), this case was referred to the United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate.

https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0 (last visited April 5, 2024).[2]

Cavaness was apparently one of those occupants. Shortly after the JPC entered the judgment, he filed this lawsuit against Dallas County, the Dallas County Sheriff, the City of Grand Prairie, Carranza, and the law firm that represented Carranza in the JPC proceedings. *See* ECF No. 3 at 1, ECF No. 5, ECF No. 6 at 1. Cavaness claims that the JPC proceedings were unlawful because he had no appeal, because he requested not to have "a magistrate court hearing," because his "equal protection right was take[n] from [him]," because he was not notified of the default judgment hearing and was given insufficient time to oppose it, and because the JPC lacked jurisdiction to enter the default judgment. ECF No. 3 at 1, ECF No. 7 at 2-3, ECF No. 9 at 1. He seeks to stay or appeal the JPC judgment, as well as $2 million in damages for pain and suffering from the allegedly "improper foreclosure." *See, e.g.*, ECF No. 3 at 2; ECF No. 7 at 2; ECF No. 9 at 1.

Cavaness subsequently filed documents referencing, without explanation, Article 8, Section 1 of the Texas Constitution (ECF No. 12) and the federal Fair Debt Collection Practices Act (FDCPA). ECF No. 11. He also requested that the Court "add as evidence" another case that he attempted, unsuccessfully, to remove to this

---

[2] The Court can take judicial notice of state court proceedings, as they are matters of public record. *See, e.g.*, *SPS Owner, LLC v. Ward*, 2023 WL 4035075, at *1, n.2 (E.D. Tex. May 10, 2023), *rec. accepted* 2023 WL 4033336 (E.D. Tex. June 15, 2023) (collecting cases).

2

Court, *Dallas Cnty. et al. v. Cavaness et al.*, 3:22-cv-01558-E-BH, which involved a suit to recover delinquent taxes on the property at issue in the eviction proceedings.[3]

## Legal Standards

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, (federal question jurisdiction); or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332, (diversity jurisdiction).

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise*

---

[3] Following remand, the state court entered judgment against Cavaness and ordered the Dallas County Sheriff to sell the property to satisfy the judgment. *See Dallas Co. et al. v. Henry Cavaness et al.*, TX-20-0710 https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0 (last visited April 5, 2024).

3

*Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Finally, federal courts may exercise "supplemental jurisdiction" over claims lacking in subject matter jurisdiction when those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and

4

distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

Also pertinent here is the *Rooker-Feldman* doctrine, which prohibits federal subject matter jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the *Rooker-Feldman* doctrine:

> [F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotation marks and footnotes omitted); *see Spencer v. Wilson*, 2020 WL 822096, at *4 (S.D. Tex. Feb. 18, 2020) ("If a federal plaintiff's alleged injury arises from an 'allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision,' then *Rooker-Feldman* bars the federal court's jurisdiction.") (quotation marks omitted); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress.") (quoting *Union Planters Bank Nat'l Ass'n v. Salih,* 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted)).

There are four elements to the *Rooker-Feldman* doctrine: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284.

## Analysis

The *Rooker-Feldman* doctrine precludes jurisdiction over Cavaness's case. Cavaness complains about deficiencies in the JPC proceedings that led to a default judgment against him and other occupants of the Grand Prairie property. Liberally construing his allegations, he seeks two kinds of relief: an order seeking to reverse, stay, or modify the JPC judgment, and damages.

As for the non-monetary relief, to the extent that Cavaness asks this Court to act as an appellate court by reversing, staying, or modifying the JPC judgment, the *Rooker-Feldman* doctrine expressly forecloses jurisdiction over such requests. *See, e.g.*, *Truong*, 717 F.3d at 382; *Weekly*, 204 F.3d at 615; *see also Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir.), *cert. denied*, 558 U.S. 874 (2009) ("Generally speaking, the *Rooker-Feldman* doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions."). "[N]o matter [his] dissatisfaction with the state eviction action, [Cavaness] may not seek recourse in federal court." *Vaughns v. Dallas Cnty. JP Cts.*, 2023 WL 5488786, at *2 (N.D. Tex. July 28, 2023), *rec. adopted*, 2023 WL 5489052 (N.D. Tex. Aug. 23, 2023).

As for monetary relief, the *Rooker-Feldman* doctrine does not bar claims for such relief that are independent of the state court judgment. *See, e.g.*, *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 385 (5th Cir. 2022). But it does preclude jurisdiction over claims for monetary relief in which a federal district court must "review and reject the state court's decision," or when the

plaintiff's claims are "inextricably intertwined with a state court judgment." *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017). If the source of injury is the state-court judgment, and not an allegedly illegal act or omission by an adverse party, then *Rooker-Feldman* applies. *See Truong*, 717 F.3d at 383 (citing *Exxon Mobil*, 544 U.S. at 284) (further citations omitted).

Cavaness seeks damages because he was injured by the JPC judgment, which he alleges is illegitimate for the reasons described above. *See* ECF No. 3 at 1, ECF No. 7 at 2, ECF No. 9 at 1. He has not alleged any independent injury caused by the alleged act or omission of a third party. Rather, his claims are "inextricably intertwined" with the JPC judgment, and to award him relief, this Court would have to review and reject that judgment. *See, e.g., Welsh v. Thorne*, 2022 WL 21714766, at *7 (N.D. Tex. June 30, 2022), *rec. accepted* 2023 WL 6460502 (N.D. Tex. Oct. 4, 2023) (*Rooker-Feldman* applied when the source of injury was the state court order and the claims were "inextricably intertwined" with that order).

Further, even if the *Rooker-Feldman* doctrine did not apply, Cavaness fails to plead any factual allegations that support federal jurisdiction. He mentions his "equal protection right" and the FDCPA. But Cavaness provides no allegations about an alleged FDCPA violation; he simply submitted a filing entitled "cause: failure to abide by the Fair Debt Collection Act- 809" that lists the sections of the FDCPA. ECF No. 11 at 1. He provides even less context for an alleged equal protection violation. Merely citing a federal statute or law without any factual allegations is not enough to establish federal jurisdiction. *See, e.g., Gilbeaux v.*

8

*Univ. of Texas Med. Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (finding citation to a federal statute in the heading of a court designed complaint form insufficient to invoke federal jurisdiction) (quoting *Fountain v. New Orleans Pub. Serv. Inc.*, 265 F. Supp. 630, 632 (D.C. La. 1967)); *see also Isom v. Texas Department of Transportation*, 2021 WL 3434993, at *2 (N.D. Tex. July 15, 2021), *rec. accepted*, 2021 WL 3421415 (N.D. Tex. Aug. 5, 2021) ("fleeting mention" of federal statutes did not establish federal question jurisdiction).

Finally, Defendants (Dallas County, the Dallas County Sheriff, the City of Grand Prairie, Carranza, and the law firm that represented Carranza in the JPC proceedings) are in Texas. Thus, there is no diversity of citizenship to support any exercise of subject matter jurisdiction. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (finding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

In sum, the Court lacks subject matter jurisdiction over Cavaness's claims, and this case should be dismissed without prejudice.

Cavaness may file objections to this recommendation (explained in detail below). This opportunity allows Cavaness to respond and establish, if he can, that subject matter jurisdiction exists.

**Recommendation**

The Court should sua sponte dismiss this case for lack of subject matter jurisdiction.

Signed April 5, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).