IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DWIGHT HENRY CAVANESS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-135-L-BT** |
| § | |
| **DALLAS COUNTY and** § | |
| **GRAND PRAIRIE CITY,** § | |
| § | |
| Defendants. § | |

# ORDER

On April 4, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) was entered, recommending that the court dismiss without prejudice this action for lack of jurisdiction because the *Rooker-Feldman* doctrine precludes jurisdiction over the claims asserted by Plaintiff, which are inextricably intertwined with a state court judgment.[*] The Report further notes that Plaintiff "may filed objections to this recommendation," and "[t]his opportunity allows [him] to respond and establish, if he can, that subject matter jurisdiction exists." Report 9. No objections to the Report were filed, and the deadline for doing so has expired. In addition, Plaintiff has not requested an extension of time to cure the jurisdictional deficiencies identified or filed anything explaining how the deficiencies can

---

[*] The *Rooker-Feldman* doctrine is derived from two Supreme Court cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). In both cases, the Supreme Court held that federal district courts lack jurisdiction to review state court decisions. *Id.* at 283-84. Consistent with these rulings, the Fifth Circuit has held that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). A state court judgment is attacked for purposes of the *Rooker-Feldman* doctrine "when the claims are 'inextricably intertwined' with a challenged state court judgment," *Richard v. Hoechst Celanese Chern. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003), or when the loser in a state court proceeding seeks "what in substance would be appellate review of the state judgment." *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, (1994)).

**Order – Page 1**

be cured, even though he had an opportunity to do so in response to the magistrate judge's recommendation that this action be dismissed for lack of jurisdiction.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of jurisdiction.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 26th day of April, 2024.

_(signature)_
Sam A. Lindsay
United States District Judge

Order – Page 2